Price, J.
The court of common pleas, as shown: by the journal entry, after hearing arguments of counsel for the parties, found that the bill of exceptions was not duly signed by E. L. Bodey, mayor of the city of Urbana, Ohio, “within the time prescribed by the statutes, and for this reason the court finds no error in the record of the court below. The judgment of the court below is therefore affirmed.”
What was said Dy counsel in the arguments referred to does not appear, but it seems that there was no motion filed by the state to strike off the bill of exceptions, and so far as we can determine by use of the record, the questions raised in-the bill of exceptions had been argued by counsel, for outside of the bill there was but little to require argument. It is not unfair to infer that after the case on error had been argued and submitted, the court discovered what it thought fatal to the bill and did not read or consider it. On the contrary, the court ignored the bill, and there being no error apparent on the record outside the bill, the judgment of the mayor was affirmed.
If we look to the bill itself, we think it clearly appears that the court of common pleas was mistaken — perhaps misled by a few words that appear *8 below and to the left of the signature of the mayor. In our statement of the case we have quoted from the certificate of the mayor to the bill, and it shows that it was presented and allowed and signed on the 1st day of October, 1909. When we turn to the transcript of the mayor’s docket, transmitted by him to the court of common pleas with the bill of exceptions, we discover that after hearing the case on September 29, 1909, and finding the accused parties guilty, the case was adjourned until 9 o’clock a. m., October 1, 1909, and at this adjourned day, the mayor overruled a motion for new trial and passed sentence. The transcript also shows that after passing sentence, on application of defendants, execution of -sentence was suspended until October 5, 1909. The reason for this suspension does not appear of record, except that it was on application of the defendants.
The transcript does not show when the bill was allowed and signed, but the certificate of the mayor recites that it was done on the 1st of October, 1909 — the day judgment was rendered. The transcript is typewritten, except the signature of the mayor, and he signed his name to the right and at the end of the certificate, which is the proper’ place for the signature. There is written with pen and ink, three or four inches to the left and lower down on the page, these words: “Dated October 4, 1909.” There is nothing to show who wrote the words, or when they were written. They do not appear above or in any way related to the mayor’s signature, and can not be allowed .to control or contradict the statement properly *9 preceding the mayor’s name. Therefore we must conclude that, so far as can be properly shown by the bill itself, it was presented, allowed and signed on the first day of October, which is the day the mayor rendered judgment, and of course within the ten days prescribed by Section 6565, Revised Statutes (Bates’).
But it is argued in the brief for the state, that there is nothing in the transcript sent up by the mayor to show that he allowed.and signed the bill of exceptions, and, therefore, it was not error for the court of common pleas to disregard it.
This is the more serious question in the case, although not expressed in the judgment entry made by the court of common pleas, and it becomes necessary to consider Section 6565, above mentioned. It provides: “In all cases before a' justice of the peace, mayor or police judge, whether tried by jury or the' justice, mayor or police judge, either party shall have the right to except to the decisions of the justice, mayor or police judge, upon any matters of law arising in the case. The party objecting to the decision must except at the time the decision is made, and on application made then or immediately after the overruling of a motion for a new trial, decision rendered or sentence pronounced, time shall be given to reduce the exceptions to writing/but not'more than ten days nor less than five days beyond the date of overruling the motion for a new trial, if such motion be made, or from the date on which the decision or sentence of the'justice, mayor or police judge, is rendered; * * * the party excepting *10 must reduce this exception to writing, and present the same to the trial justice, mayor or police judge, or his successor, within the time herein limited, and if such bill of exceptions be not correct he shall make the necessary corrections therein- within three days after it is so presented, and when correct shall sign the bill of exceptions and file the same with the papers in the case, and note such signing and filing in his docket, and transmit the same with the transcript of his docket and • original papers, within ten daj^s of the date of such signing, to the clerk of the court of common pleas and by him filed and entered upon his trial docket as in other cases.”
The language of the latter part of the section now pertinent is: “and if such bill of exceptions be not correct, he shall -make the necessary corrections within three days after it is so presented, and, when correct, shall sign the bill of exceptions and file the same with the papers in the case, and note such signing and filing in his docket, and transmit the same with the transcript of his docket and original papers within ten days of the date of such signing, to the clerk,” etc.
Because the mayor did not “note such signing and filing in his docket’’ it is urged that the bill is not valid and may be disregarded.
It is trúe that the transcript is silent as to the signing and filing of the bill, but should the neglect of the mayor defeat the efforts of plaintiffs in error to have their case reviewed?
- The statute does not prescribe in what form or language the mayor shall note the signing and *11 filing, and this ministerial act is not required to be done until the correct bill is signed and filed. After he has signed and filed the bill with the papers in the case, the magistrate should note such signing and filing on his docket. It was no part of the duty of plaintiffs in error to make or cause such notation to be made. They had no control over the docket, and when they presented a true bill within the statutory time and the same was duly signed by the mayor, the labor of plaintiffs in error was ended, because the statute requires the magistrate to file the bill with the other papers in the case, and having noted the signing and filing, • he must transmit the bill, transcript and original papers to the clerk of the court of common pleas. The mayor has performed all things made incumbent upon him by the statute, except making the notation on his docket. The signing and filing- precede the noting on the docket, but in this case, without making the note on the docket, the mayor performed the remaining duty of transmitting the bill, transcript and original papers to the clerk of courts.
So the court of common pleas had before it a correct bill of exceptions, signed by the mayor within the statutory time and by him filed with the other papers in the case, and in due time transmitted to the court of common pleas. If the noting the “signing and filing” on the docket required by the section is jurisdictional as to the fate of the bill after it reached the court of common pleas, the judgments of the lower courts may be justified. But we are of opinion that such act *12 of noting on the docket is not jurisdictional, if all other steps prescribed by the statute have been taken in time. Such notation may aid in the identification of the bill of exceptions, but there was no question raised by the state, or anyone, concerning its identity, and the same was evidenced by the same signs that identified the transcript and other original papers in the case, and it would appear harsh indeed, that a bill of exceptions shall be cast aside because the magistrate neglected to perform the one ministerial act involved in the discussion.
We are not disposed to construe a statute regulating the practice before a mayor or justice of the peace with more strictness than is applied to the practice in the court of common pleas and circuit court, under provisions of Sections 5301 to 5302, Revised Statutes, inclusive, which were then in force.
The'noting on the docket the fact that a bill of exceptions had been signed and filed by the mayor, not being essential to the jurisdiction of the court of common pleas, the neglect of that ministerial duty is not the fault or neglect of the parties taking the bill.
It follows that we reverse the judgment of the circuit court, and also that of the court of common pleas, and remand the case to the court of common pleas 'with instructions to read, consider and pass upon the bill of exceptions and the questions therein contained.
r , , . Judgment reversed.
Summers, C. J., Crew, Spear, Davis and Shauck, JJ., concur.